# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LEHMAN BROTHERS HOLDINGS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0672 |
| | § | |
| CORNERSTONE MORTGAGE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

The defendant, Cornerstone Mortgage Company, moved for a more definite statement under Federal Rule of Civil Procedure 12(e). (Docket Entry Nos. 6, 7). Cornerstone asked this court to order the plaintiff, Lehman Brothers Holdings, Inc., to replead to state, for each of the eleven mortgage loans identified in the complaint, the borrower's entire name, the property address, the origination date, the loan amount, the date the mortgage was sold to the plaintiff, and the causes of action and factual allegations relating to each of these loans. The motion also asked that Lehman Brothers be required to plead its fraud claim with particularity. (Docket Entry No. 6 at 1).

Lehman Brothers responded by moving for leave to file an amended complaint that includes much of the information that Cornerstone seeks. (Docket Entry No. 9, Ex. A). The proposed amended complaint provides the borrower's entire name, the property address, the origination date, and the loan amount for each of the eleven loans. The proposed amended complaint also sets out some of the factual allegations supporting the causes of action for each loan. The proposed amended complaint also states with particularity the false representations and omissions that Cornerstone is alleged to have made, although Lehman Brothers argues that such a statement is not required

because the causes of action in the complaint—for breach of contract, breach of warranty, and specific performance—are not subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). (Docket Entry No. 11 at 3–4). Lehman Brothers argues that as amended the complaint is sufficient and that "[t]o the extent Cornerstone seeks more specific details . . . Cornerstone may obtain such through discovery." (*Id*. at 3).

Cornerstone does not oppose the proposed amended complaint. Cornerstone acknowledges that it provides "much of the information requested and needed by Defendant in order to respond to the allegations in the complaint" and "moot[s] most of [Cornerstone's] requests for more information to respond adequately to Plaintiff's allegations." (Docket Entry No. 13 at 1–2). Cornerstone does not identify any additional allegations that would be necessary to prepare a responsive pleading, but nevertheless urges this court to grant its motion for a more definite statement. (*Id.* at 3).

A party is entitled to a more definite statement when all or part of the pleadings to which a responsive pleading is allowed are "so vague or ambiguous that the party cannot reasonably prepare a response." FED R. CIV. P. 12(e). "[M]otions for a more definite statement are generally disfavored." *Russell v. Grace Presbyterian Village*, No. 3:05-cv-0030, 2005 WL 1489579, at *3 (N.D.Tex. June 22, 2005) (citing 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1377 (2d ed.1990)); *see also* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376, at 306 (3d ed. 2004) ("The 1948 Amendment of Federal Rule 12(e) makes it clear that the availability of a motion for a more definite statement is quite restricted."). When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an

order directing the plaintiff to provide a more definite statement is not warranted.  *Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006) (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)).

The proposed amended complaint contains sufficient information for Cornerstone to form a responsive pleading.  Lehman Brothers's motion for leave to file the proposed amended complaint is granted.  Cornerstone's motion for a more definite statement is denied as moot.

SIGNED on May 28, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge